# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA RUDENKO, | 1:08-cv-989 AWI GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**BACKGROUND**

Plaintiff Valentina Rudenko ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge, for findings and recommendation to the District Court.

///

**FACTS AND PRIOR PROCEEDINGS**[1]

Plaintiff filed both applications on August 25, 2005, alleging disability since January 17, 2003, due to degenerative disc disease, pain in her legs, diabetes, and breast cancer.  AR 88, 91, 95-96, 160, 177-179, 182-187.  Her application was denied initially and on reconsideration.  AR 44-65.  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  AR 11. ALJ Stephen W. Webster held a hearing on January 30, 2007, and issued an order denying benefits on February 7, 2007.  AR 15-22,165-199 .  On April 7, 2008, the Appeals Council denied review.  AR 7-9.[2]

Hearing Testimony

ALJ Webster held a hearing on January 30, 2007, in Fresno, California.  Plaintiff appeared and testified.  She was represented by Attorney Brad Stevens.  AR 166-167.[3]

At the time of the hearing, Plaintiff was fifty-four years old.  AR 171.  Plaintiff was five feet one inch tall and weighed two hundred and thirty five pounds.  AR 172.  Plaintiff is single, lives alone, and does not have any children.  AR 172-173.  Plaintiff drives a car, is able to take care of her personals needs, and performs household chores independently.  AR 173-174. Plaintiff spends most of her time watching television.  AR 174.  She does not have friends but she does attend church.  AR 174.

Plaintiff obtained a high school diploma in the Ukraine.  AR 175.  She studied English for two years in college while she has been in Fresno.  AR 175.  Plaintiff currently attends Fresno City College three days per week.  AR 191, 193.  Plaintiff is able to attend college because she receives financial aide.  AR 191,194.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[2] Plaintiff also previously filed an application for disability insurance benefits and supplemental security income, which was denied on March 21, 2005.  AR 32-40. In that proceeding, Plaintiff was found to retain the residual functional capacity for light to medium work, and could perform past relevant work as a fast food cook, factory driller, engraver and blue printer, in home support provider, and temporary laborer. AR 39. Alternatively, the claimant was also found "not disabled" based on Medical Vocational Rule 203.21.  AR 39.  Plaintiff did not appeal this decision.  AR 171.

[3] At the hearing, Plaintiff and her attorney agreed to amend the alleged onset date of disability to July 27, 2006, the date that she was diagnosed with breast cancer.  AR 15, 171-172.

Plaintiff last worked in June and July 2006 as an in home care provider. AR 175. She did that job four days a week and some evenings. AR 192. As an in home care provider, she helped clients with cooking, cleaning, shopping, lifting, and changing diapers. AR 179-180. She had to quit this job because her client became too sick and Plaintiff was unable to care for him. AR 176. Prior to that job, Plaintiff cleaned houses. AR 176. She began this work in 2005 and she currently cleans houses one time a week. AR 176. She receives ten dollars an hour and works ten hours a week. AR 191-192. She has not done any other work in the last three or four years. AR 176. In the past, Plaintiff has been employed as a packer at Sierra Nut House and she has also worked at McDonalds. AR 180-181.

Plaintiff testified that she is unable to work because she suffers from a back injury, diabetes, and has been diagnosed with breast cancer. AR 177. Plaintiff is being treated at the University Medical Center. AR 177. She was prescribed medication but she does not take it. AR 177-178.

Plaintiff reported that she has no trouble sitting, can stand for only one hour due to degenerative disc disease, and can walk a mile. AR 178. Plaintiff testified she suffers from pain in her back and legs which gets worse when she walks or after she has been cleaning houses all day. AR 183. She was able to lift fifty pounds once but when she did so, it felt like her back was getting pulled out. AR 178, 184.

Plaintiff was diagnosed with breast cancer after she discovered a lump on her breast. AR 185. She was informed by her doctor that the breast cancer would kill her if left untreated. AR 186. Her doctor recommended a mastectomy, but Plaintiff declined this treatment. AR 186. The breast cancer does not cause her any pain. AR 186. The main source of her pain is her back. AR 186. When she bends over, she feels pain down her spine. AR 190. Her doctor prescribed medication for the pain, however, she would have to take pills everyday. AR 190. She decided not to take the pills because they can cause heart problems. AR 190. Plaintiff also testified that she does not have enough money to afford treatment. AR 191.

Plaintiff was diagnosed with major depressive disorder at Fresno County Human Services in October 2006. AR 151, 187. She has decreased energy, no house, and no friends. AR 188. In

1  addition, she suffers from poor memory, has trouble sleeping, and feels that people are talking
2  about her. AR 188.
3        Plaintiff testified that she would not be able to work as a packager, nor could she perform
4  full-time housekeeping work. AR 194. Plaintiff also testified that she could not lift twenty-five
5  pounds frequently. AR 198. However, she could stand and walk for a six hour period for one
6  day, but not every day. AR 198. Plaintiff also indicated that she could kneel, that she does not
7  have difficulty communicating in English, and that she was able to reach above her head. AR
8  198.
9        During the hearing, Vocational Expert Cheryl Chandler testified. For the first
10 hypothetical, the ALJ asked the VE to assume a person of Plaintiff's age, education and past
11 work experience. AR 195. This person can sit, stand, and walk for six out of eight hours, can lift
12 fifty pounds occasionally and twenty-five pounds frequently, can kneel, squat or climb. The VE
13 testified that this person could perform Plaintiff's past work and could also perform other jobs in
14 the national economy. AR 195-196.
15       In the second hypothetical, the ALJ asked the VE to assume the same factors. However,
16 this person can sit, stand, and walk for six out of eight hours but had to stand and sit at will, can
17 lift twenty pounds occasionally and ten pounds frequently, can kneel, squat or climb. The VE
18 testified that this person could not perform Plaintiff's past work, but this worker could perform
19 jobs such a nut sorter, an assembler at the sedentary unskilled level, and a hand packager at the
20 sedentary unskilled level. AR 196-197. There are 1,000, 2,600, and 1,000 of those jobs,
21 respectively, in California. AR 197.
22       In the final hypothetical, the ALJ asked the VE to assume a person of Plaintiff's age,
23 education and past work experience. However, this person is unable to complete an eight hour
24 work day, or a forty hour week. The VE testified that this person could not perform Plaintiff's
25 past work. AR 197.
26       <u>Medical Record</u>
27       On November 24, 2003, x-rays of Plaintiff's lumbar spine were completed at University
28 Medical Center which indicated that the lumbar lordosis was preserved and vertebrae were well

aligned. AR 145. Mild changes of degenerative disk disease were noted, however, no other abnormalities in the lumbar spine were present. AR 145. On that same day, a pelvic x-ray was completed which was negative. AR 146.

A Residual Functional Capacity ("RFC") Assessment completed by Dr. Miremach, M.D. on December 23, 2003 indicates Plaintiff could walk and stand for less than one hour and sit for one to two hours. AR 156. During this evaluation, Plaintiff reported experiencing back pain and depression. AR 157. She was diagnosed with degenerative disc disease with little improvement in her condition expected. AR 158. This assessment was based on Plaintiff's complaints. AR 156.

On October 21, 2005, Plaintiff was evaluated for her back injury, pain in both legs, and diabetes by a state agency doctor. AR 120-122. It was determined that Plaintiff was credible for her conditions but not for the severity. AR 121. It was noted that there had been no significant changes in Plaintiff's condition since she was first denied disability benefits in 2005. AR 120.

On November 3, 2005, a state agency physician performed a RFC Assessment and determined that Plaintiff had the RFC to perform medium work, could lift fifty pounds occasionally and twenty-five pounds frequently, could stand and/or walk about six hours in an eight hour day, could sit for six hours in an eight hour day, and had no non-exertional limitations. AR 104-117.

Plaintiff was seen at University Medical Center from April 2005 through October 2006 for various appointments and monitoring of her diabetes. AR 129-134. It was recommended that Plaintiff receive a pap smear and mammography, however, Plaintiff refused treatment and medications AR 129-130. In July 2006, Plaintiff was diagnosed with breast cancer at Community Medical Center. AR 123-128, 139-144.

After her cancer diagnosis, Plaintiff was seen at Fresno County Human Services, Department of Behavioral Health on October 31, 2006, for a comprehensive mental health evaluation. AR 151-155. Plaintiff was diagnosed with Major Depressive Disorder. AR 154. Plaintiff declined treatment for her mental health condition at that time. AR 154. There is no evidence in the record that Plaintiff received follow-up treatment for mental health issues.

ALJ's Findings

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 27, 2006. AR 18. He also found Plaintiff suffered from the severe impairments of a back injury, degenerative disc disease, and that she suffers from breast cancer but has refused treatment. AR 18. The ALJ noted that these impairments caused significant limitations in Plaintiff's work activities. AR 18. In addition, the ALJ noted that Plaintiff suffers from depression, a non medically determinable impairment for which she has declined treatment, as well as from diabetes mellitus, a medically determinable non severe impairment. AR 18. Despite finding three severe impairments, the ALJ determined that these severe impairments did not meet or equal any listing impairments resulting in a disability finding. AR 19.

Based on his review of the medical evidence, the ALJ determined that Plaintiff retained the RFC to perform medium level work. AR 21. The ALJ found Plaintiff could lift and carry fifty pounds on occasion or twenty-five pounds frequently, she could sit, stand or walk six out of eight hours, and she could kneel, squat, and climb. AR 19. Considering this RFC, the ALJ found that Plaintiff was able to perform her past relevant work as an in home care taker, a house cleaner, and a hand packager. AR 22. Alternatively, the ALJ determined that Plaintiff's impairments did not meet the durational requirement and she was not precluded from performing substantial gainful activity for any continuous twelve month period and the Medical-Vocational Rule 203.22 applies. AR 22. Based on these factors, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. AR 22.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at

1  401. The record as a whole must be considered, weighing both the evidence that supports and
2  the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993,
3  995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must
4  apply the proper legal standards. *E.g.*, *Burkhart v. Bowen,* 856 F.2d 1335, 1338 (9th Cir. 1988).
5  This Court must uphold the Commissioner's determination that the claimant is not disabled if the
6  Secretary applied the proper legal standards, and if the Commissioner's findings are supported by
7  substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th
8  Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f). Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of her disability; (2) has an impairment or a combination of impairments that is considered "severe" based on the requirements in the Regulations (20 CFR §§ 404.1502(c) and 416.920(c)); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4;(4) retained the RFC to perform a wide range of medium work, (5) can perform her past relevant work as an in home care taker, a house cleaner, and a hand packager. AR 18-22.

Here, Plaintiff, who is pro se, argues that she is entitled to benefits because she is single, lives alone, is weak and exhausted by hard work. She also indicates that she is no longer young, is kind to others, and has been greatly oppressed. She contends that she needs someone to take care of her because she has no money to pay off her debts, or to buy medical supplies. She indicates that she needs money to pay for doctors that know how to treat her disease with foods and herbs. She also requests that the Court review the Social Security's decision denying her benefits based on upon her failure to work for the required time period.

## **DISCUSSION**

On July 22, 2008, the Court issued an order requiring that Plaintiff provide a separate statement of each legal claim stated in terms of the insufficiency of the evidence. In reply, Plaintiff has filed a two page opening brief that is conclusory and fails to identify specific evidence that the ALJ may have relied upon that was insufficient to support his findings, nor did Plaintiff identify any other legal error the ALJ may have made.[4] Thus, the Court makes its determination by liberally construing the information Plaintiff has asserted, the arguments in opposition asserted by Defendant, and other law the Court deemed relevant to this determination.

A.   Eligibility for Benefits

As a preliminary matter, Plaintiff claims that the Social Security Administration determined that she was not eligible for benefits because she was not employed for the requisite period of time under the Social Security Act. She asks the Court to review this determination because she appealed this decision and had not heard anything back from the Social Security Administration.

Plaintiff appears to be mistaken. Plaintiff did file an appeal denying her application for benefits. AR 44-65. However, she had a hearing before the ALJ. AR 165-199. During the hearing, the ALJ determined that Plaintiff had acquired sufficient quarters of coverage and that

---

[4] Initially, Plaintiff did not file an opening brief. On May 19, 2009, this Court issued an order to show cause why this case should not be dismissed for failure to comply with this Court's order. (Doc. 11). In reply, on June 11, 2009, Plaintiff filed a document which she indicated was her opening brief. (Doc. 12). On June 16, 2009, the Court construed the document filed by Plaintiff as her opening brief and discharged the order to show cause. (Doc. 13).

Plaintiff would qualify for benefits as long as she was able to establish disability prior to December 31, 2007. AR 16. Therefore, the issue raised by Plaintiff is moot as the ALJ ruled in her favor on that issue.

B.   Changed Circumstances

Plaintiff previously filed an application for disability insurance benefits and supplemental security income which was denied on March 21, 2005. AR 32-40. In that proceeding, Plaintiff was found to retain the RFC for light to medium work, and could perform past relevant work as a fast food cook, factory driller, engraver and blue printer, in home support provider, and temporary laborer. AR 39. Alternatively, the claimant was also found "not disabled" based on Medical Vocational Rule 203.21. AR 39. Plaintiff did not appeal this decision. AR 171.

Because the ALJ found Plaintiff "not disabled" in that application, there is a presumption of continuing non-disability and Plaintiff must show changed circumstances" indicating greater disability. *Chavez v. Bowen*, 844 F. 2d 691, 693 (9th Cir. 1988). Here, the ALJ determined that subsequent medical evidence failed to establish any worsening of Plaintiff's conditions. For the reasons set forth below, this conclusion is correct.

C.   Mere Diagnosis

The mere diagnosis of an impairment is not sufficient to sustain a finding of disability. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Here, the ALJ identified degenerative disc disease, a back injury, and breast cancer as severe impairments. AR 18. The ALJ also noted that the record established non medically determinable impairment for depression and medically determinable non severe impairment of diabetes mellitus.[5] AR 18.

Plaintiff's medical records confirm that she suffers from the severe conditions listed above. AR 120-122, 145-146, 156-158, However, to the degree that Plaintiff argues that a

---

[5] The ALJ evaluated Plaintiff's mental disorder pursuant to 20 CFR, Part 404, Subpart P, Appendix 1 and found that Plaintiff had no restrictions in daily living, no difficulty maintaining social functioning, no difficulties maintaining concentration, persistence, or pace and no episodes of decompensation. AR 18. The ALJ determined that these findings were consistent with the residual functional capacity. AR 18. The Court notes that the record contains only one mental health assessment with no further evaluation or treatment. AR 151-155. Thus, in this case, the ALJ's determination of this condition as a non medically determinable impairment is supported by substantial evidence.

diagnosis of degenerative disc disease, breast cancer, and back injury are sufficient to warrant her entitlement to Social Security disability and supplemental income benefits, she is mistaken.

The Ninth Circuit Court of Appeals, in *Key v. Heckler*, has stated:

> Our scope of review of disability determinations is limited: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g) (1982); *Chavies v. Finch*, 443 F.2d 356, 357 (9th Cir.1971); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971). Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir.1981). Where the evidence as a whole can support either outcome, we may not substitute our judgment for the ALJ's. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982).

*Key v. Heckler*, 754 F.2d at 1549.

With regard to the Plaintiff's breast cancer, the ALJ noted that Plaintiff testified that the condition would not prevent her from working. AR 21, 186. With regard to Plaintiff's degenerative disc disease and back injuries, the ALJ discounted the RFC performed by Dr. Miremach dated December 23, 2003, indicating that Plaintiff suffered from degenerative disc disease with little improvement in her condition expected. AR 21, 156-158. In doing so, the ALJ noted that the assessment referred to Plaintiff's back pain and indicated that Plaintiff's activities of daily living were effected including that she was unable to sit and stand for long period. AR 21. However, the ALJ noted that at Plaintiff's prior hearing, the ALJ had rejected this opinion on the basis that additional information was requested regarding the conclusions in the assessment and nothing was ever submitted. AR 21, 36-37. Additionally, the ALJ noted that the assessment was based on Plaintiff's subjective complaints of pain rather than on objective medical evidence. AR 21. Specifically, an x-ray only showed mild changes to the Plaintiff's lumbar spine. AR 21, 145. Additionally, x-rays of Plaintiff's pelvis were negative. AR 21. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)).

Alternatively, the ALJ concurred with a non-examining state agency doctor's assessment completed on October 21, 2005, which adopted the prior ALJ's residual functional capacity that

1    Plaintiff could preform medium level work.  AR 21; 120-121.  This evaluation found that
2    Plaintiff was credible regarding her conditions but not for the severity.  AR 121.  Additionally,
3    there was no indication that there were significant changes since the ALJ's prior determination of
4    non-disability.  AR 121.  The opinions of non-treating physicians are substantial evidence where
5    they are supported by clinical findings and objective tests.  See Magallanes v. Bowen, 881 F.2d
6    747, 751 (9th Cir. 1989).  When the ALJ rejects the opinion of an examining physician in
7    reliance on the non-examining physician, "reports of the nonexamining advisor need not be
8    discounted and may serve as substantial evidence when they are supported by other evidence in
9    the record and are consistent with it."  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995);
10   Saelee v. Chater, 94 F. 3d 520, 522 (9th Cir. 1996); Roberts v. Shalala, 66 F. 3d 179 (9th Cir.
11   1995).
12        In sum, there is evidence in the record to support the ALJ's finding that Plaintiff is not
13   disabled that is supported by substantial evidence and free of legal error.  The Court must uphold
14   the ALJ's decision even  where the evidence is susceptible to more than one rational
15   interpretation.  Magallanes v. Bowen, 881 F.2d at 750.  As a result, the ALJ's finding will not be
16   disturbed.
17   D.        Credibility Analysis
18        The ALJ is required to make specific findings assessing the credibility of a plaintiff's
19   subjective complaints.  Cequerra v. Secretary of HHS, 933 F.2d 735 (9th Cir. 1991).  In rejecting
20   the complainant's testimony, "the ALJ must identify what testimony is not credible and what
21   evidence undermines the claimant's complaints."  Lester v. Chater, 81 F.3d 821, 834 (9th Cir.
22   1996), quoting Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir.
23   1988).
24        In making this determination, the ALJ conducts a two-step analysis to assess subjective
25   testimony.  Under step one, the claimant "must produce objective medical evidence of an
26   underlying impairment" or impairments that could reasonably be expected to produce some
27   degree of symptom.  Tommasetti v. Astrue, 533 F. 3d 1035, 1039 (9th Cir. 2008).  If the first step
28   is met and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's

testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

In *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007), the Ninth Circuit summarized the pertinent standards for evaluating the sufficiency of an ALJ's reasoning in rejecting a claimant's subjective complaints:

> An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989). However, to discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide "'specific, cogent reasons for the disbelief.'" *Morgan, 169 F.3d at 599* (quoting *Lester*, 81 F.3d at 834). The ALJ must "cit[e] the reasons why the [claimant's] testimony is unpersuasive." *Id.* Where, as here, the ALJ did not find "affirmative evidence" that the claimant was a malingerer, those "reasons for rejecting the claimant's testimony must be clear and convincing." *Id.*
>
> Social Security Administration rulings specify the proper bases for rejection of a claimant's testimony. . . An ALJ's decision to reject a claimant's testimony cannot be supported by reasons that do not comport with the agency's rules. *See* 67 Fed.Reg. at 57860 ("Although Social Security Rulings do not have the same force and effect as the statute or regulations, they are binding on all components of the Social Security Administration, ... and are to be relied upon as precedents in adjudicating cases."); *see Daniels v. Apfel,* 154 F.3d 1129, 1131 (10th Cir.1998) (concluding that ALJ's decision at step three of the disability determination was contrary to agency regulations and rulings and therefore warranted remand). Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Fair, 885 F.2d at 603*; *see also Thomas, 278 F.3d at 958-59*.

In evaluating the credibility of the symptom testimony, it appears that the ALJ did consider all of the factors set out in SSR 96-7P and 20 C.F.R. §§ 404.1529c(4)(i)(vii), 416.929(c)(4)(i)(vii). *See Smolen v. Chater*, 80 F.3d at 1284 and *Bunnell,* 947 F.2d at 346. AR 19. The SSR directs the ALJ to:

> Investigate all avenues presented that relate to subjective complaints, including claimant's prior work record and information and observations by treating physicians and third parties regarding such matters as
>
> 1.    The claimant's daily activities.
>
> 2.    The location, duration, frequency, and intensity of claimant's symptoms or pain;
>
> 3.    Precipitating factors and aggravating factors;
>
> 4.    Type, dosage, effectiveness, and adverse side effects of any pain medication;

|   |   |   |
|---|---|---|
| 5. | Treatment, other than medication, for pain relief; |
| 6. | Any reasons used by the claimant to relieve the pain or symptoms; and |
| 7. | Other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. |

As part of a his credibility analysis, the ALJ relied on the fact that Plaintiff was not compliant with her medical regime and did not receive treatment for her conditions. AR 20-21. An ALJ is permitted to consider lack of medical treatment in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, "[disability] benefits may not be denied because of the claimant's failure to obtain treatment where the Plaintiff has a good reason for not seeking more aggressive treatment or because of a lack of funds." *Carmickle v. Commissioner of Social Sec. Admin.,* 533 F. 3d 1155, 1161-1164 (9th Cir. 2008); *Orn v. Astrue,* 495 F.3d at 625 (citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir.1995)).

In this case, Plaintiff testified that she did not want to pursue treatment because of the side effects of the medications coupled with the fact that she could not afford the medications. AR 190-191. The ALJ never questioned Plaintiff further regarding her reasons for failing to comply with the recommended treatment regime. On this record, Plaintiff's failure to comply with treatment is not a proper basis for finding her not credible. Notwithstanding the above, the Court finds that this error was harmless because the ALJ gave other reasons for his credibility determination which is supported by substantial evidence. *Batson v. Barnhart*, 359 F.3d 1190, 1197 (9th Cir. 2004) (upholding ALJ's credibility determination even though one reason may have been in error); *Carmickle v. Commissioner of Social Sec. Admin., 533 F. 3d* at 1162 (*citing Batson v. Comm. of Soc. Sec. Admin.*, 359 F. 3d 1190, 1197) ("So long as there remains "substantial evidence supporting the ALJ's conclusions on ... credibility" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion" such is deemed harmless and does not warrant reversal."

Here, ALJ Webster made specific findings regarding Plaintiff's credibility. AR 19-21. He noted that while the "claimant's medically determinable impairment could be expected to produce the alleged symptoms, the Plaintiff's statements regarding the intensity, persistence, and

limiting effects of these symptoms are generally credible, but not the extent alleged." AR 20. In addition to stating that the objective records did not support a finding of disability as previously outlined, the ALJ noted that Plaintiff engaged in a wide range of activities of daily living. AR 21. An ALJ can look to daily living activities as part of the credibility analysis. *Burch v. Barnhart*, 400 F. 3d at 680; *Fair*, 885 F.2d at 603; *see also Thomas*, 278 F.3d at 958-59. If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations. *Morgan v. Commissioner of Social Sec. Admin.,* 169 F.3d at 600. The ALJ must make "specific findings relating to [the daily] activities" and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn v. Astrue,* 495 F.3d at 639.

As stated by the ALJ, "[Plaintiff] is fully independent in self care activities, handles her own affairs, does household chores, attends church, watches television, has a driver's license, currently attends classes at Fresno City College, and currently works as a housekeeper 1 day a week, 10 hours per day." AR 21. Here, the ALJ noted that Plaintiff was able to perform a wide range of tasks including working and attending school which undermined her credibility. This coupled with the ALJ's reliance on the objective medical records including Plaintiff's x-rays and state agency doctor evaluations constitutes substantial evidence. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d at 959. Accordingly, the ALJ did not arbitrarily discredit claimant's testimony.

E.  RFC Finding

To the degree Plaintiff challenges the ALJ's findings regarding her RFC, an RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or equivalent work schedule. SSR 96-8p. The RFC assessment considers only functional limitations and restrictions which results from an individual's medically determinable impairment or combination of impairments. SSR 96-8p. "In determining a claimant's RFC, an

ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.' " *Robbins v. Social Security Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, ALJ Webster found that Plaintiff had the residual functional capacity to carry fifty pounds on occasion or twenty-five pounds frequently, she could sit, stand or walk six out of eight hours, and she can kneel, squat, and climb. AR 19. This finding is consistent with the medical evidence in the record. AR 104-117. Moreover, the ALJ specifically stated that he considered the entire record, and "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" as well as the relevant sections of the Code of Federal Regulations. AR 19. The ALJ found that Plaintiff's medically determinable impairments could be reasonably expected to produce the symptoms complained of, but that Plaintiff's statements concerning the intensity, persistence and limiting effects were not entirely credible. AR 20.

The ALJ addressed with particularity which medical reports, records and examinations he relied upon for each of Plaintiff's complaints in order to reach his determination. AR 20-21. As previously outlined, the ALJ noted that he assigned significant weight to the opinion of the state agency doctor's evaluation which found that there were no significant changes in Plaintiff's condition since the ALJ's prior determination of non-disability. AR 21. He also gave reasons for rejecting Dr. Miremach's evaluation because it was based on Plaintiff's subjective complaints and the doctor failed to submit additional information clarifying the report when requested to do so in Plaintiff's prior proceeding. AR 21. Therefore, the ALJ considered all relevant evidence in the record and the RFC finding was supported by substantial evidence and is free of legal error.

**RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision

of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Michael J. Astrue and against Plaintiff Valentina D. Rudenko.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 24, 2009**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE